UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  0:20-cv-62543-WPD

JANE DOE,

Plaintiff,

v.

LQ MANAGEMENT LLC d/b/a LA QUINTA INN
located at 7901 SW 6th ST, PLANTATION, FL, and
LQ MANAGEMENT LLC d/b/a LA QUINTA INN
FORT LAUDERDALE TAMARAC EAST #4006,

Defendants.
_____/

## MOTION TO ADMINISTRATIVELY DISSOLVE CASE

Plaintiff, Jane Doe, requests that this Court administratively dissolve this case due to an error where the complaint was inadvertently filed twice.  As explained below, Plaintiff requests this relief because the Clerks' office has indicated that they lack the power to dissolve the case and because a voluntary dismissal by Plaintiff is not a viable option.  The Clerk's office indicated that a motion to the Court was therefore necessary.

### Memorandum of Law

On the evening of Wednesday, December 9, counsel for Plaintiff filed a complaint in this matter.  The person filing the complaint failed to attach the complaint itself the first time she tried.  She tried filing again and did it correctly the second time but, due to the hour, she went to bed without any confirmation from the Clerk's office.  On the morning of Thursday, December 10, the Clerk's office issued an email indicating that the case filed last night was "administratively closed" because the complaint was not attached.  **Exhibit A.**

1

Upon seeing that email, a different person in counsel's office tried to fix the problem by refiling the complaint.  In an unfortunate twist of timing, the Clerk's office accepted the fixed filing that was done last night only minutes before the second filing was made.  At the time counsel's office filed the complaint this morning, they were not aware that the Clerk has accepted last night's second effort to file the complaint.  Then, with laudable speed and efficiency, the Clerk's office assigned each case to different judges.  When lead counsel saw the two emails come fifteen minutes apart indicating that there were two cases open, she immediately called the clerk's office to ask that the second one be dissolved.  The clerk's office indicated that they lacked the power to do that because the cases had been assigned to different judges.

The clerk's office suggested a voluntary dismissal of one case, but that is not an option. Plaintiff alleges that she is a victim of human trafficking.  This case was originally filed in the Middle District of Florida against approximately 15 hotels where Plaintiff alleges that she was trafficked.  While the case was in the Middle District, Plaintiff voluntarily dismissed several defendants, including LQ Management LLC.  The case was then transferred to the Southern District of Florida and assigned to Judge Dimitrouleas.  Plaintiff has now done further investigation and believes that LQ Management LLC is the proper defendant in a cause of action against two Broward County La Quinta hotels where Plaintiff alleges she was trafficked.  If Plaintiff were to try to fix this morning's duplicative filing error with a voluntary dismissal, it would be her second dismissal of LQ Management LLC and could arguably preclude her from moving forward with her case.  That would obviously be an unjust outcome.

So that the Court is aware, the case against LQ Management LLC is a refiling of a case currently pending against three other Broward County hotels and before this Court as **Case No. 0:20-60683-CV-Dimitrouleas/Strauss.**  (Judge Snow was originally the magistrate assigned to

2

the case, but she sua sponte recused herself on October 20, 2020.  Case No. 0:20-60683, Doc. #210.  Judge Strauss was then assigned as the magistrate.  Doc. #211.)  The case that docketed first this morning was (Case No. 0:20-cv-62541) was assigned to Judge Cohn.  Plaintiff filed a Notice of Related Case in Case No. 62541; earlier this afternoon, that case was reassigned to this Court.  *See* Case No. 0:20-cv-62541, Doc. #7.

In summary, due to timing mishaps, the same complaint was filed twice and the identical complaints are now pending before this Court as Case No. 0:20-cv-62541 and Case No. 0:20-cv-62543.  Because the Clerk has already issued a summons in the first filed case, Case No. 0:20-cv-62541, but has not issued a summons in the second filed case, Plaintiff reasoned that the easier case to dissolve would be the second filed case (No. 0:20-cv-62543).  All Plaintiff seeks is to be able to pursue one case against LQ Management LLC.

WHEREFORE, Plaintiff, Jane Doe, respectfully requests that the Court direct the Clerk to administratively dissolve Case Number 0:20-cv-62543-WPD so that Case Number 0:20-cv-62541 may proceed without duplication.

## Certificate of Conference

The complaint was just docketed this morning.  No defense counsel has filed a notice of appearance.  Undersigned attempted to contact the two lawyers that previously represented LQ Management LLC, Chris Donovan and Trumon Phillips, this morning to see if they would be representing LQ Management LLC again.  Plaintiff's counsel waited until the end of the business day but, given that they were unaware of the complaint until they received the call/email and their client has not been served, it is understandable that neither attorney responded.

Respectfully submitted,

*/s/ Maegen P. Luka*

**C. RICHARD NEWSOME, ESQUIRE**

3

Florida Bar No.:  827258
**R. FRANK MELTON, ESQUIRE**
Florida Bar No.: 0475440
**MILETTE E. WEBBER, ESQUIRE**
Florida Bar No.:  145874
**MAEGEN PEEK LUKA**
Florida Bar No.: 549851
**NEWSOME MELTON**
201 South Orange Avenue, Suite 1500
Orlando, Florida 32801
Telephone: (407) 648-5977
Facsimile: (407) 648-5282
*Attorneys for Plaintiff*
*newsome@newsomelaw.com*
*melton@newsomelaw.com*
*webber@newsomelaw.com*
*swinehart@newsomelaw.com*
*oneill@newsomelaw.com*
*luka@newsomelaw.com*

4